CHURCH, Ch. J., FOLGER, ANDREWS and EARL, JJ., concur. RAPALLO, J., reads for reversal and new trial, and ALLEN, J., concurs.

Judgment affirmed.

---

## SUPREME COURT.

THE HARLEM SAVINGS BANK agt. ALBERT MICKELSBURGH and others.

*Mortgage foreclosure — deficiency arising — how borne — directions as to form of judgment.*

Where A conveyed land to B, subject to a mortgage, which B agreed to pay, B afterwards conveyed an undivided half of the mortgaged premises to C who agreed to pay an equal half part of the mortgage, subsequently B conveyed to C the other undivided half of the premises, but in the last conveyance there was no assumption by C of any part of the mortgage; the *mortgagee* having assigned the mortgage to the plaintiff, and guaranteed its payment, upon a foreclosure of the mortgage:

*Held,* that any deficiency arising upon the sale of the mortgaged premises should be borne by the parties, as to whom a question arose, as follows: C was liable only for one-half of any deficiency but in the event of a failure to collect from him, the *mortgagee,* who had guaranteed to the plaintiff the mortgage, was liable for the whole deficiency.

*Special Term, December,* 1878.

THIS is an action for the foreclosure of a mortgage for $6,000, executed by one Buckley to the defendant Basford.

After the execution of the mortgage Buckley conveyed the

mortgaged premises to one Miller, who assumed the payment of the mortgage.

Afterwards, Miller conveyed an *undivided half* of the mortgaged premises to the defendant, Mickelsburgh, who, by the deed, agreed to pay an *equal half part of the mortgage*, the same being deducted from the purchase-money.

Subsequently Miller conveyed to Mickelsburgh the other undivided half of the premises, subject to the mortgage, but in this last conveyance there was no assumption of the mortgage or any part thereof by Mickelsburgh.

Basford, the mortgagee, assigned the mortgage to the plaintiff, by the terms of the assignment he guaranteed its payment and in addition gave his collateral bond for the amount thereof.

The question arises as to who, and in what proportion, shall bear any deficiency which may appear on the sale, there being a contention between Basford and Mickelsburgh as to their proportions.

*C. W. Van Voorhees*, for plaintiff.

*Addison Brown*, for defendant Mickelsburgh.

*A. B. Tappen*, for defendant Basford.

VAN VORST, *J.*— The question suggested by the facts appearing in this case, and which only has been litigated, and that between two of the defendants, Basford and Mickelsburgh, is whether or not the defendant Mickelsburgh is liable for the whole deficiency, up to $3,000, the one-half part of the mortgage, should any arise on the mortgage sale, or for only one-half of any deficiency. By the first conveyance to him, Mickelsburgh assumed to pay only one-half of the mortgage debt, one-half of the premises being thus deeded to him. He never increased his liability. The obligation of Mickelsburgh inured to the holder of the mortgage, although

the promise was made to Miller, who was himself liable on his assumption, to pay the whole mortgage. The holder of the mortgage cannot, however, enforce this liability of Mickelsburgh beyond his engagement to Miller. Basford had, however, on his assignment of the mortgage to the plaintiff, guaranteed its collection. Under this engagement he would have been solely, individually liable for the entire deficiency, was it not for the agreement of Mickelsburgh to pay one-half the debt. As to this half, Mickelsburgh is a principal debtor by force of his engagement. Basford, had he continued to hold the mortgage, could not, as against Mickelsburgh, have enforced it beyond that amount, nor can the plaintiff who has succeeded to Basford's claim. But, liable for only one-half the debt, Mickelsburgh cannot be held beyond one-half of the deficiency, it matters not what the deficiency may be, and Basford the guarantor is liable for the residue. It would be inequitable to hold that Mickelsburgh who, when he incurred the obligation, received a conveyance of only one-half of the mortgaged premises, should be held individually for a deficiency arising on the sale of the whole.

This would be extending his liability beyond the terms of his engagement.

There should be judgment of foreclosure and sale, and the judgment should provide that in the first instance the plaintiff should have execution for one-half of any deficiency against Mickelsburgh, and in the event of a failure to collect from him, execution should go against Basford therefor, as well as for the remaining half, for which he is absolutely liable.

There is no reason why the plaintiff should not recover his costs and allowance, nor any why Mickelsburgh should have costs against the plaintiff.